

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00048-CV

_____

IN THE MATTER OF B.H., A JUVENILE

On Appeal from the County Court at Law No. 3
Smith County, Texas
Trial Court No. 003-0593-07

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

B.H. has filed an appeal from an order of adjudication and disposition to the Texas Youth

Commission. He was charged with having engaged in delinquent conduct, aggravated assault. On

January 18, 2008, the trial court signed its order of adjudication/disposition.[1]

B.H. timely filed a notice of appeal April 16, 2008. On that date, counsel also filed a request

for preparation of the record, based on the previously filed affidavit of indigency, which had

evidently resulted in her appointment as counsel. A clerk's record was promptly filed April 25, 2008.

The reporter's record was due to be filed by May 19, 2008.

When no reporter's record was filed, we contacted the court reporter, who indicated that the

trial court had found B.H.'s parents were not indigent and that they were thus liable for the cost of

preparing the record. No order, nor any other writing reflecting this finding appeared in our record,

and there was nothing to indicate that the parents were not indigent or that their situation had

changed. Further, counsel Tina Brumbelow, who represented B.H., was appointed counsel for the

hearings and trial and was paid for her services by the county.

Because of the lack of clarity caused by these omissions and by the undocumented assertion

of the court reporter, we abated the case to the trial court to conduct a hearing and make written

findings. The trial court's order finding that "[B.H.'s parent or guardian] is not indigent and must

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

retain counsel to represent her son . . . on Appeal" was filed in a supplemental clerk's record October 24, 2008.

On October 30, 2008, we contacted B.H.'s parent or guardian by letter, informing her of the trial court's ruling and further informing her that, if we did not receive information from her within ten days of the date of the letter that she was making a substantial and tangible effort to prosecute the appeal by either (a) showing a reasonable attempt to retain an attorney and obtain the record that might support claims of error, or (b) preparing and filing a brief based solely on the clerk's record which had already been filed, we would conclude appellant no longer wished to pursue the appeal and it would be subject to dismissal for want of prosecution pursuant to Rule 42.3(b) and (c) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 42.3(b), (c). The response was due on or before November 10, 2008.

It is now November 24, 2008, and no response has been received. We dismiss this appeal for want of prosecution.


Jack Carter
Justice

Date Submitted:     November 24, 2008
Date Decided:       November 25, 2008


3